455 A.2d 1194

**COMMONWEALTH of Pennsylvania**

v.

**Robert Allen BEATTY, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 22, 1982.

Decided Feb. 8, 1983.

Michael Handler, Indiana, for appellant.

Gerard Long, Dist. Atty., Thomas J. Sibert, Edensburg, for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION

NIX, Justice.

In this matter we granted review of an order of a three judge panel of the Superior Court reversing the order of the Court of Common Pleas of Cambria County granting Mr. Beatty's pre-trial motion to dismiss the charge of aggravated assault then pending against him.[1] While we reject the reasoning offered by the Superior Court in support of its order, *Commonwealth v. Beatty*, 286 Pa.Super.Ct. 166, 428 A.2d 624 (1981), we nevertheless agree that the Court of Common Pleas was in error in barring further prosecution of Mr. Beatty as to the aggravated assault charge.

The pertinent facts are not in dispute. On March 14, 1979, a motor vehicle collision occurred in Susquehanna Township between vehicles being operated by Mr. Beatty and Mr. Edwards. The parties pulled their vehicles off to the side of the road, and an altercation ensued. Appellant struck Mr. Edwards, breaking his jaw and then drove from the scene

---

1. Judge Lipez authored the opinion for the panel and was joined by Judge Spaeth. Judge Wickersham filed a dissenting opinion.

without identifying himself as required by the Motor Vehicle Code, Act of June 17, 1976, P.L. 162 No. 81, 75 Pa.C.S.A. § 3743.

After investigation, the state police filed a charge of aggravated assault, Act of December 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S.A. § 2702, against appellant on March 26, 1979. On March 30, 1979, a summons was filed against appellant for the summary offense of failure to identify himself at the scene of the accident. On April 3, 1979, appellant waived a preliminary hearing and was bound over for trial on the charge of aggravated assault. Thereafter on April 6, he pled guilty to the summary offense and paid the fine and costs assessed. Appellant was not represented in the summary proceeding.

On May 16, 1979, an Omnibus Pretrial Motion was filed in which appellant sought, *inter alia,* a dismissal of the charge. On September 20, 1979, the Court of Common Pleas sustained the motion and discharged appellant. As previously stated, a divided panel of the Superior Court reversed the Court of Common Pleas, reinstated the information and remanded the cause for trial.

Under our supervisory power over state criminal proceedings, Pa. Const., art. V, § 10, we announced in an addendum *per curiam* opinion that all charges resulting from the same criminal episode should be consolidated at one trial. *Commonwealth v. Campana (Campana II),* 455 Pa. 622, 314 A.2d 854, *cert. denied,* 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974). In *Campana II* we upheld the order of this Court in *Commonwealth v. Campana (Campana I)* 452 Pa. 233, 304 A.2d 432, vacated and remanded 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), vacating subsequent prosecutions for resisting arrest and assault because of an earlier adjudication of not guilty to a charge of disorderly conduct arising from the same criminal episode.[2] *See also, Commonwealth v. Stewart,* 493 Pa. 24, 425 A.2d 346 (1981).

**2.** The compulsory joinder of all offenses arising from the "same criminal episode" was advanced in a plurality opinion authored by Mr. Justice Roberts and joined by Justices O'Brien and Manderino.

■ In addition to the Court's articulated rule of compulsory joinder of all offenses arising from the same criminal episode, in the interim between *Campana I* and *Campana II,* section 110 of the Crimes Code, 18 Pa.C.S.A. § 110 (1973) (eff. June 6, 1973) became effective. Section 110 provides in pertinent part that prosecution is barred by a former prosecution:

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution ... it is barred by such former prosecution under the following circumstances:
>
> (1) The former prosecution resulted in an acquittal or in a conviction ... and the subsequent prosecution is for:
>
>     \*     \*     \*     \*     \*     \*
>
> (ii) any offense ... arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense[.]

In concluding that the prosecution of the charge of aggravated assault was not barred under the instant facts either by the teaching of *Campana I* and *II* or section 110, the Superior Court relied upon its decision in *Commonwealth v. Erisman,* 247 Pa.Super. 476, 372 A.2d 925 (1977). In *Erisman, supra,* the Superior Court held that under section 110,

Mr. Justice Eagen, in a concurring opinion joined by Chief Justice Jones, urged the adoption of the "same offense" test. This writer in a concurring opinion expressed a willingness to accept the "same criminal episode" test as a matter of state law but rejected any implication that such a result was constitutionally compelled under the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution. Mr. Justice Pomeroy, dissenting, did not disagree with "the same criminal episode" approach but rather dissented on the grounds that such a rule was not constitutionally mandated.

However, in *Campana II* a unanimous Court accepted the "same criminal episode" test for compulsory joinder since Mr. Justice Pomeroy's dissent did not challenge the validity of the adoption of the same criminal episode rule under the Court's supervisory powers. Moreover, Section 110 appears to have resolved the dispute between the proponents of the "same offense test" and the majority in that it adopts *both* theories. *See* 18 Pa.C.S.A. § 110(1)(iii)(A).

if the charge to which the defendant pleaded was "filed" subsequent to the charge which the defendant seeks to have barred, the section does not require the dismissal of the remaining charge.

The *Erisman* court relying upon the language in *Campana II* noting, "[t]he result this Court reached in *Campana* is entirely in harmony with section 110. . . .," *id.*, 455 Pa. at 477, 314 A.2d at 856, proceeded to erroneously construe the language of the section and thereby distorted the legislative intention as well as the "same criminal episode test" as announced by this Court. Properly interpreted, Section 110(1)(ii) complements this Court's compulsory joinder rule by precluding subsequent prosecution of charges that were not joined as prescribed.

■ The *Erisman* court erred in interpreting the terms "former prosecution" and "subsequent prosecution" under Section 110(1)(ii) as intending to limit the bar to offenses where the charge that is the subject of the former prosecution is *filed* prior to the charge sought to be barred. We find no justification for defining the terms "former prosecution" and "subsequent prosecution" as used in Section 110(1)(ii) in relationship with the time the particular offenses were *filed*. To the contrary, accepting our responsibility in the interpretation of legislative enactments to acknowledge the clear and obvious meaning of the language, Statutory Construction Act of 1972, Act of December 6, 1972, P.L. 1339, No. 290, § 3, 1 Pa.C.S.A. § 1921(b)); *In Re Estate of Fox,* 494 Pa. 584, 431 A.2d 1008 (1981); *In the Matter of Student Services, Inc.,* 495 Pa. 42, 432 A.2d 189 (1981), the terms "former prosecution" and "subsequent prosecution" in the context used were obviously intended to refer to the *completed* prosecution and the *pending* prosecution respectively.

From the text of subsection 110(1)(ii) the operative fact is that the offenses stem from the same episode. There is nothing in the language to suggest that the time of filing of the various charges was germane to the legislative purpose

and such an interpretation is obviously not in accordance with the theory of the rule as announced by this Court.

In addition, the need for the protection of the accused from governmental harassment and the interests of judicial economy and administration which inspired this Court to adopt the compulsory joinder rule, see *Commonwealth v. Stewart, supra; Commonwealth v. Holmes,* 480 Pa. 536, 391 A.2d 1015 (1978); *Commonwealth v. Tarver,* 467 Pa. 401, 357 A.2d 539 (1976), are in no way furthered by conditioning the applicability of the rule upon the time when the prosecution chooses to file the charges for the offenses in question. To the contrary, such a qualification would defeat the very purposes the rule was intended to accomplish.

■ Although we reject the reasoning of the Superior Court in reaching its result, we, nevertheless, agree with the conclusion that the Court of Common Pleas was in error in deciding that prosecution for the aggravated assault was barred in this case. The stipulated facts that (1) the charges arose from the same incident and (2) the prosecution knew of both violations at the commencement of the first proceeding satisfies only a portion of subsection (ii). We may not ignore the clause of that subsection which provides "and was in the jurisdiction of a single court...." The charge of leaving the scene of an accident without providing proper identification under the Motor Vehicle Code in this Commonwealth is a matter within the original jurisdiction of the district justice.[3] Act of July 9, 1976, P.L. 586, No. 142, § 2, *as amended* 42 Pa.C.S.A. § 1515(a)(1).

■ Our interpretation of Section 110(1)(ii) as excluding traffic violations under the Motor Vehicle Code is further bolstered by a consideration of the purposes sought to be

---

**3.** We are aware that 42 Pa.C.S.A. § 931(b) appears to recognize concurrent jurisdiction in such cases of the Court of Common Pleas. Nevertheless, we will not construe the phrase "and was in the jurisdiction of a single court" in such a manner as to ignore the traditional division of labor in our court system. The traditional role of the Court of Common Pleas in the disposition of summary motor vehicle offenses is the role of the reviewing tribunal as opposed to the court of original jurisdiction. 42 Pa.C.S.A. § 932.

achieved by the legislative enactment as well as our promulgation of the compulsory joinder rule. The disposition of a summary offense in a traffic matter prior to the trial of a misdemeanor or felony does not present the type of governmental harassment of a defendant that would offend double jeopardy concerns. Additionally, judicial economy is not served by requiring our Courts of Common Pleas to dispose of these matters which are regularly entrusted to the district justices for disposition.[4] It is fundamental that a rule of law should not be applied where its application fails to serve the purposes for which it was designed. *See, e.g., Commonwealth v. Jenkins,* 500 Pa. 144, 454 A.2d 1004 (1982); *Commonwealth v. Coley,* 466 Pa. 53, 351 A.2d 617 (1976).

We therefore conclude that neither section 110(1)(ii) nor our compulsory joinder rule requires the barring of the prosecution of the aggravated assault charge in the instant case. Accordingly, the Order of the Superior Court is affirmed.

O'BRIEN, C.J., did not participate in the decision of this case.

FLAHERTY and McDERMOTT, JJ., joined in this opinion and filed concurring opinions.

HUTCHINSON, J., joined in this opinion and joined the concurring opinion of FLAHERTY, J.

LARSEN, J., filed a concurring opinion.

FLAHERTY, Justice, concurring.

I join the majority but, in my view, there is an additional reason to permit the prosecution for aggravated assault. The prosecution for aggravated assault is permitted under 18 Pa.C.S.A. § 110(1)(iii)(A) where the legislature clearly

---

4. The Motor Vehicle Code specifically provides for the expeditious disposition of summary offenses. *See* 75 Pa.C.S.A. § 6302. Such haste in charging could be inimical to the successful investigation and prosecution of more serious offenses also arising from the incident.

provided for subsequent prosecutions when "the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil." The two offenses involved in the instant case, aggravated assault and failure to produce identification at the scene of an accident, are not directed at the same evils and do not involve even remotely similar elements. Thus, the subsequent prosecution for aggravated assault is permitted under the exception found in Section 110(1)(iii)(A).

HUTCHINSON, J., joins this concurring opinion.

McDERMOTT, Justice, concurring.

The majority opinion today takes an important step in the proper direction with regard to the interpretation of the compulsory joinder rule announced in *Campana I* and *Campana II*. However, it fails to take the final step and pronounce the rule as I believe it should be stated, i.e., that *all* summary offenses, not merely traffic violations, may be tried separately from felonies or misdemeanors arising from the same criminal episode without violating the compulsory joinder rule.

As the majority observes, under 18 C.P.S.A. § 110(1)(ii), all offenses arising from the same criminal episode which are known to the prosecutor at the time of the first trial *and which are within the jurisdiction of a single court,* must be tried simultaneously.

Summary offenses are by definition separate and distinct from felonies or misdemeanors. *See* 18 C.P.S.A. § 1101 and § 1105. Moreover, and more importantly, summary offenses are subject to the jurisdiction of district justices, 42 Pa.C. S.A. § 1515(a)(1), while misdemeanors and felonies are tried in common pleas court. Thus, under § 110 of the Crimes Code, all summary offenses, not merely traffic violations, as the majority observes, are not covered by the compulsory

joiner rule. A clarification, consequently, is needed in order to broaden the scope of the majority opinion.

In the absence of such clarification, this Court will, in the future, be faced with cases similar to the one at bar, but which involve summary offenses other than traffic violations. The possibilities are as numerous as are the number of summary offenses listed in the Crimes Code of this Commonwealth.

Accordingly, in order to obviate this confusion, I believe the logic of the majority opinion should be extended to include within the exception to the compulsory joinder rule *all* summary offenses.

For the foregoing reasons, I join in the opinion of the majority but write separately to delineate my position.

LARSEN, Justice, concurring.

I would affirm the order of the Superior Court and in support thereof, quote from my dissenting opinion in *Commonwealth v. Holmes,* 480 Pa. 536, 543–44, 391 A.2d 1015, 1018 (1978):

> The majority opinion fails to recognize an exception to the general rule barring a subsequent prosecution for offenses arising out of the criminal transaction which resulted in the first prosecution. This exception is found in 18 Pa.C.S.A. § 110(1)(iii)(A), which states that the former prosecution will bar the second prosecution for the same conduct unless "the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil. . . ."

The two offenses involved in the instant case are not directed at the same evils and do not involve even remotely similar elements. I would go further than the Majority and hold that *any* prosecution for a summary offense does not bar a subsequent prosecution for a crime graded as a misde-

294

meanor or a felony. Thus, appellant's prosecution for the summary offense would not bar his later prosecution for the crime of aggravated assault.