464 A.2d 384

**COMMONWEALTH of Pennsylvania**

v.

**Raymond Carl KRESGE, Appellant.**

Superior Court of Pennsylvania.

Submitted May 3, 1983.

Filed July 29, 1983.

Petition for Allowance of Appeal Denied Feb. 7, 1984.

Arthur Lucian Zulick, Assistant Public Defender, Stroudsburg, for appellant.

Elmer D. Christine, Jr., Assistant District Attorney, Stroudsburg, for Commonwealth, appellee.

Before McEWEN, MONTGOMERY and HOFFMAN, JJ.

McEWEN, Judge:

This appeal has been taken from an order denying a pretrial motion to quash, on double jeopardy grounds, an information that charged appellant, Raymond Carl Kresge, with unlicensed possession of a firearm.[1] Appellant contends that the provisions of 18 Pa.C.S.A. § 110 bar his prosecution on the firearms offense since it arose out of the same criminal episode as did his citation for a summary game law offense upon which he had previously entered an acknowledgment of guilt and paid a fine to a district game protector. We disagree and affirm the order of the distinguished Senior Judge Arlington W. Williams.

On the evening of November 1, 1980, two Pennsylvania game protection officers observed appellant on two occasions direct a spotlight from the passenger seat of a vehicle into woodlands and fields adjacent to Weir Mountain Road in Ross Township. On one of these occasions the game protectors observed the spotlight illuminate deer in the field near the road. As a result, the officers followed the vehicle until the driver of the automobile, Donald Kresge, without being signaled to do so, brought his vehicle to a stop. Deputy protector William Heil approached the vehicle and questioned appellant as to the number of deer he had observed while casting the spotlight into the field and, after completing a consensual inspection of the trunk of the car, observed the stock of a rifle under the driver's seat of the car, and pulled it out of its position. Robert Heil, also a deputy game protector and the partner of protector William Heil, then observed, from his position on the opposite side

---

1. 18 Pa.C.S.A. § 6109.

of the car, a holstered .22 calibre revolver on the floor of the passenger side of the car where appellant was seated and he immediately seized it. William Heil then informed both appellant and the driver of the car that they were in violation of the game law.

■ The revolver was subsequently delivered by the officers to their supervisor, the district game protector, who transferred custody of the weapon to the Pennsylvania State Police for investigation. Appellant, ten days after the incident, met with the district game protector at the State Police Barracks where he (1) admitted to the State Police that he lacked a license for such a weapon and (2) signed an acknowledgement of his guilt of the game law violation, paid a fine of two hundred dollars to the district game protector and received an official statement of satisfaction for the offense, pursuant to the provisions of 34 P.S. § 1311.1203.[2] The state police, however, did not file a complaint against appellant for possession of a firearm without a license, 18 Pa.C.S.A. § 6109, until December 18, 1980, after they had received a certification from Harrisburg that confirmed that appellant did not possess a license to carry a firearm. After his arraignment on the firearms violation, appellant filed a pretrial motion to quash the information on double jeopardy grounds arguing that 18 Pa.C.S.A. § 110 barred his prosecution of the firearms offense as a result of the former prosecution on the game law offense. The Common Pleas Court denied the motion

2. § 1311.1203  Acknowledgement of guilt

Any person charged .with violating any provisions of this act, other than those designated as a misdemeanor or a felony, may sign an acknowledgment of the offense committed, either before or after the beginning of suit, and pay to any duly appointed and commissioned game protector, or deputy game protector, the fine provided by this act, together with costs accruing to the date, and surrender to the Commonwealth any bird or animal, or part thereof, or any article, implement, device or equipment the use of which is expressly forbidden by this act, unlawfully taken or possessed. Such person shall receive a printed receipt therefor, which shall bear the imprint of the seal of the commission and the signature of its executive director, which shall be evidence of full satisfaction of the offense committed, except as otherwise provided in this act.
34 P.S. § 1311.1203.

to quash by order dated April 8, 1981, from which appellant has taken this appeal.[3]

The sole issue for our determination is whether, under the provisions of § 110 of the Crimes Code, 18 Pa.C.S.A. § 110, the prior conviction of appellant of the summary offense of casting rays of artificial light upon a big game animal while in possession of a firearm, a violation of 34 P.S. § 1311.704(b) of the Pennsylvania Game Law, bars his subsequent prosecution upon the firearms charge since the firearms charge arose out of the same criminal episode as the summary game law offense.

Section 110 of the Crimes in pertinent part provides as follows:

§ 110. **When prosecution barred by former prosecution for different offense** .

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

**3.** An order denying a pre-trial motion to quash an information on double jeopardy grounds is final and immediately appealable. See *Commonwealth v. Bolden,* 472 Pa. 602, 373 A.2d 90 (1977); *Commonwealth v. Lawson,* 306 Pa.Super. 414, 452 A.2d 793 (1982).

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

18 Pa.C.S.A. § 110.

■■■ Appellant argues that § 110(1)(ii) bars his prosecution on the charge of possession of a firearm without a license since (1) the subsequent prosecution upon the weapons charge was based on the same conduct or arose out of the same criminal episode as did the summary game law offense; (2) the appropriate prosecuting officer, here, the State Police, knew of the firearms violation at the time appellant acknowledged his guilt of the summary game law offense; and (3) both offenses were within the jurisdiction of a single court, namely, the Court of Common Pleas of Monroe County. Although the argument of appellant is compelling, we are unable to agree with his contention that § 110 bars his prosecution of the weapons charge. The Pennsylvania Supreme Court recently interpreted § 110(1)(ii) to exclude from its purview the disposition of summary traffic violations under the Motor Vehicle Code. *Commonwealth v. Beatty*, 500 Pa. 284, 455 A.2d 1194 (1983). *Accord, Commonwealth v. Breitegan*, 500 Pa. 384, 456 A.2d 1340, 1341 (1983). The Court further recognized in those cases that the compulsory joinder rule established by *Campana* [4] does not apply to summary traffic violations. Justice Robert N.C. Nix, writing for the majority of the Court in *Beatty*, indicated that since the summary traffic offense was within the original jurisdiction of the district justice, while the aggravated assault charge was within the original jurisdiction of the Common Pleas Court, the juris-

---

4. *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432, vacated and remanded, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), on remand, 455 Pa. 622, 314 A.2d 854, cert. denied, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974).

diction of both offenses was not "within the jurisdiction of a single court," as required by § 110(1)(ii). The majority refused to "construe the phrase 'within the jurisdiction of a single court' in such a manner as to ignore the traditional division of labor in our court system" and noted that "the traditional role of the Courts of Common Pleas in the disposition of summary motor vehicle offenses is the role of a reviewing tribunal as opposed to a court of original jurisdiction." *Beatty, supra* 500 Pa. at 290 n. 3, 455 A.2d at 1198 n. 3. Justice Nix went on to state that, "[t]he disposition of a summary offense in a traffic matter prior to the trial of a misdemeanor or a felony does not present the type of governmental harassment of a defendant that would offend double jeopardy concerns. Additionally, judicial economy is not served by requiring our Courts of Common Pleas to dispose of these matters which are regularly entrusted to the District Justices for disposition. It is fundamental that a rule of law should not be applied where its application fails to serve the purpose for which it was designed." (citations omitted). *Commonwealth v. Beatty, supra* 500 Pa. at 291, 455 A.2d at 1198. We are here faced with a prior summary game law offense which is quite regularly entrusted to a non-judicial game protection officer for disposition. Thus, we believe it appropriate that we apply the *Beatty* rationale to the disposition of summary game law offenses, as well as to traffic matters, since the method of disposition of game law violations bears significant resemblance to the method of disposition of summary traffic violations. *See* 34 P.S. § 1311.1201–1202. *A fortiori*, we conclude that the disposition of a summary game law violation prior to the trial of a misdemeanor or felony arising out of the same episode, does not violate the provisions of the compulsory joinder rule set forth in *Commonwealth v. Campana, II*, 455 Pa. 622, 314 A.2d 854, *cert. denied*, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974), or the provisions of § 110 of the Crimes Code. The compulsory joinder rule set forth in *Campana* and the provisions of § 110 were designed to promote two distinct policy considerations (1) the protection of a person accused of

412

crimes from governmental harassment by being forced to undergo successive trials for offenses stemming from the same criminal episode; and (2) as a matter of judicial administration and economy, the promotion of finality in litigation and the avoidance of unnecessarily burdening the judicial process by repetitious litigation. *Commonwealth v. Hude,* 500 Pa. 482, 458 A.2d 177 (1983). An interpretation that would enable appellant to escape prosecution for the more serious firearms violation, by the payment of a fine for a summary game law violation, would ridicule reason and defy the logic and purpose of the principles that have been established in this area of the law by both judicial and legislative edict.

Order affirmed.