492 A.2d 445

**COMMONWEALTH of Pennsylvania**

**v.**

**Darryll James BONCZAK, Appellant.**

Superior Court of Pennsylvania.

Argued March 25, 1985.

Filed May 3, 1985.

William J. McCabe, Assistant District Attorney, Greensburg, for Commonwealth, appellee.

Before McEWEN, CERCONE, and HANDLER *, JJ.

CERCONE, Judge:

In the early morning hours of July 23, 1983, state troopers went to a residence in Westmoreland County pursuant to a complaint by the owner that a person was racing his vehicle up and down the road and yelling obscenities. The actor was reported to have driven the vehicle over the complainant's lawn, thereby causing damage. Shortly after the troopers' arrival, the complainant directed them to appellant's residence. The testimony of one of the troopers at the hearing below was that appellant refused to be interviewed by the troopers and became out of control. As a result, a fight ensued and one of the troopers suffered a broken arm. Appellant was charged with disorderly conduct, criminal mischief (both summaries), resisting arrest, aggravated assault and driving under the influence.[1]

A preliminary hearing was held, after which all charges, including the two summaries, were held for court. After the adjudication, counsel for appellant, who is not present counsel, requested that his client be permitted to plead guilty to the summary offenses of disorderly conduct and criminal mischief. The district justice entertained the guilty plea and imposed a sentence of time served by appellant, as he had been incarcerated in lieu of posting bond. An information charging aggravated assault, resisting arrest, and driving under the influence was filed by the District Attorney on August 26, 1983. Appellant filed a motion to dismiss on Fifth Amendment double jeopardy grounds and under § 110 of the Crimes Code which was denied by the trial court on November 21, 1983. This appeal is from that dismissal.[2]

* Judge Earl R. Handler, Senior Judge, of the Court of Common Pleas of Indiana County, Pennsylvania, is sitting by designation.

1. 18 Pa.C.S.A. §§ 5503, 3304, 5104, 2702 and 75 Pa.C.S.A. § 3731.

2. The denial of a motion to dismiss based upon double jeopardy is generally immediately appealable despite the interlocutory aspects of such an order. *Commonwealth v. Edwards,* 264 Pa.Super. 223, 399 A.2d 747 (1979).

Appellant claims that the information against him should be quashed since charges arising from the same criminal incident have already been adjudicated before the district justice. 18 Pa.C.S.A. § 109(3). Under § 110 of 18 Pa.C. S.A., when prosecution is barred by former prosecution for different offenses, appellant asserts that his right to be free from double jeopardy would be violated if he were to stand trial on the remaining charges.[3]

■ The rule that all charges resulting from the same criminal episode should be consolidated at one trial or the compulsory joinder rule has come to be known as the Campana rule. *Commonwealth v. Campana*, 455 Pa. 622, 314 A.2d 854, *cert. denied*, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974). (Campana II). The rule is a necessary corollary to the principal purpose of the Double Jeopardy Clause, that is, to prevent "repeated attempts to convict an individual of an alleged offense" through a series of prosecutions. *Commonwealth v. Campana*, 452 Pa. 233, 241–2, 304 A.2d 432, 435–6, vacated and remanded 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973).

■ While § 110 of 18 Pa.C.S.A. is not mandated by either the Federal or Pennsylvania constitutional protections against double jeopardy, it does statutorily extend that protection. Appellant asserts violations of both the Federal Constitution and of § 110 in the introduction and conclusion of his argument. However, he poses his argument only in terms of a statutory violation. Nevertheless,

3. 18 Pa.C.S.A. § 110, in relevant part, reads:
Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution if for:
(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense;

we find, in accordance with traditional constitutional analysis, that there is no double jeopardy violation in prosecuting appellant for resisting arrest, aggravated assault, and driving under the influence. Under *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) the focus is on the proof necessary to prove the statutory elements of each offense. Simply stated, there is no violation if "each statute requires proof of an additional fact which the other does not[.]" *Commonwealth v. Hoburn*, 335 Pa.Super. 536, 548, 485 A.2d 24, 30 (1984).

The three crimes of resisting arrest, aggravated assault, and driving under the influence do indeed require proof of elements not required under the summary citations to which appellant entered pleas of guilty, disorderly conduct and criminal mischief. Thus, these prosecutions are not barred by the double jeopardy clause.

■ As for appellant's contention that a violation of § 110 of the Crimes Code would ensue should he be made to stand trial,[4] we conclude that it would be unfair, improper, and contrary to prior case law to so find in this situation. While represented by counsel, and after the holding of all charges for court, appellant himself chose to plead guilty to the "already-held" summary offenses. By this action, appellant voluntarily waived any future challenge to § 110.[5] As the court said in *Commonwealth v. Bartley*, 262 Pa.Super. 390, 396, 396 A.2d 810, 813 (1979),

> [s]ection 110 is intended to prevent harassment by the prosecution; it is not intended to afford a defendant with a procedural expedient to avoid a prosecution.

4. Although it may be argued that two separate criminal incidents gave rise to the instant charges, thereby removing the protection of § 110 from the aggravated assault and resisting arrest charges, our disposition of this case does not require that this determination be made. While the DWI charge arose from the early incident which prompted the filing of the two summaries and would still be protected by § 110, our finding of waiver would preserve the DWI prosecution. Thus, the result would be the same.

5. With regard to statutory provisions the waiver, need only be voluntary. *Commonwealth v. Mallon*, 279 Pa.Super. 350, 421 A.2d 234 (1980).

In *Bartley* the defendant entered a plea of guilty to operating a vehicle without a license, and waived Reckless Driving and a DWI charge to court. By his choice to proceed with separate court proceedings, appellant abandoned any subsequent § 110 claim.

So also in this case.[6]

Order affirmed. Case remanded for trial. Jurisdiction relinquished.

McEWEN and HANDLER, JJ., file concurring statements.

McEWEN, Judge, concurring:

While I join in the majority rationale and conclusion that appellant waived any challenge to Section 110 of the Crimes Code, I also share the view of the learned hearing judge that the decisions of our Supreme Court in *Commonwealth v. Beatty*, 500 Pa. 284, 455 A.2d 1194 (1983), and of this Court in *Commonwealth v. Kresge*, 317 Pa.Super. 405, 464 A.2d 384 (1983), require that the motion for dismissal be denied.

HANDLER, Senior Judge, concurring:

I join with Judge Cercone and Judge McEwen in affirming the order of the lower court and although I agree with the rationale of Judge Cercone, I also agree with the concurring statement of Judge McEwen that the decisions of our Supreme Court in *Commonwealth v. Beatty*, 500 Pa.

---

6. The trial court decided this case by concluding that the Supreme Court's holding in *Commonwealth v. Beatty*, 500 Pa. 284, 455 A.2d 1194 (1983) mandates that appellant's *motion to dismiss be denied*. The *Beatty* decision held that disposition of summary offenses in a traffic matter prior to trial of a misdemeanor or felony arising from the same criminal incident did not violate § 110 since the summary traffic offense was within the original jurisdiction of the district justice. *See also Commonwealth v. Breitegan*, 500 Pa. 384, 456 A.2d 1340 (1983). *Cf. Commonwealth v. Kresge*, 317 Pa.Super. 405, 464 A.2d 384 (1983) (*Beatty* decision extended to summary game law violation and misdemeanor violation of firearms act situation). Our finding of appellant's waiver renders it unnecessary for us to decide whether *Beatty* controls in this case.

284, 455 A.2d 1194 (1983) and of this Court in *Commonwealth v. Kresge,* 464 Pa.Super. 384, 464 A.2d 384 (1983), require that the motion for dismissal be denied.