498 A.2d 945

**COMMONWEALTH of Pennsylvania**

v.

**Lawrence MEYERS, Appellant.**

**COMMONWEALTH of Pennsylvania**

v.

**Rose MEYERS, Appellant.**

Superior Court of Pennsylvania.

Argued May 22, 1985.

Filed Sept. 18, 1985.

522

Todd J. O'Malley, Scranton, for appellants.

Paul Walker, Assistant District Attorney, Scranton, for Com., appellee.

Before SPAETH, President Judge, and CAVANAUGH and HESTER, JJ.

HESTER, Judge:

This is an appeal from the order of the Court of Common Pleas of Lackawanna County denying appellants' motions to dismiss charges of several violations of the Controlled Substance, Drug, Device and Cosmetic Act. 35 Pa.S.A. § 780–101 *et seq.* We must decide whether the

order by the lower court is a violation of appellants' rights under 18 Pa.C.S.A. § 110 of the Crimes Code and the double jeopardy clauses of our state and federal constitutions.[1] Finding no error, we affirm.[2]

Appellants and many others were the target of a drug investigation by the Attorney General for the Commonwealth, the Lackawanna County District Attorney and the police department of the City of Scranton. Between December 1, 1982, and December 21, 1982, approximately 3000 conversations were intercepted and recorded from the telephone lines of several individuals believed to be involved in a drug distribution ring in the Scranton area. A majority of the conversations were drug related and provided an overview of a drug distribution scheme in which appellants played a major role. Accordingly, search warrants were executed for the residences of a number of individuals implicated by the surveillance.

While searching one of these dwellings, police observed a vehicle operated by appellant Rose Meyers and occupied by appellant Lawrence Meyers depart from the scene. Believing that the vehicle contained quantities of illicit narcotics, police pursued appellants at high speed throughout the City of Scranton. Rose Meyers' attempt to avoid apprehension by ramming two police cars failed.

Appellants were arrested on December 21, 1982, and charged with aggravated assault, resisting arrest, recklessly endangering other persons and other violations of the Vehicle Code. Appellants were not, however, charged with violations of the Controlled Substance, Drug, Device and Cosmetic Act despite the discovery of quantities of cash and

1. The denial of a pretrial application to dismiss an information on the ground that the retrial would violate defendant's right not to be placed twice in jeopardy may be appealed before retrial is held. *Commonwealth v. Lark*, 330 Pa.Super. 225, 227 n. 2, 479 A.2d 522, 523 n. 2 (1984).

2. For purposes of judicial economy, this court has consolidated the appeals of Lawrence Meyers and Rose Meyers since they raise identical issues of law and fact.

controlled substances in their possession at the time of their arrest. Appellants entered guilty pleas on the charges and were subsequently sentenced.

On December 17, 1983, nearly one year following their arrest, appellants, along with fifty other individuals, were charged with numerous drug offenses arising out of the information obtained by the authorities through the wire-taps as well as the evidence seized on the occasion of their prior arrest.[3] The drug possession and delivery transactions allegedly occurred on December 10 and 21, 1982, and the criminal conspiracy allegedly occurred during the period between December 1 and December 21, 1982.

Appellants filed a motion to dismiss the charges, alleging that the Commonwealth possessed sufficient information to charge them with these drug-related offenses at the time of their earlier arrest on December 21, 1982. It is on this basis that appellants contend their rights have been violated under 18 Pa.C.S.A. § 110, and the double jeopardy provisions of our state and federal constitutions. We do not agree.

■ It is true, as appellants assert, that the prosecutor must bring in a single proceeding all known charges against a defendant arising from a single criminal episode. This was the principle set forth in *Commonwealth v. Campana [Campana I]*, 452 Pa. 233, 304 A.2d 432 (1973), *vacated,* 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), *on remand, Commonwealth v. Campana [Campana II]*, 455 Pa. 622, 314 A.2d 854 (1974), *cert. den.,* 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974). *See Commonwealth v. Beatty,* 500 Pa. 284, 286, 455 A.2d 1194, 1196 (1983); *Commonwealth v. Muffley,* 493 Pa. 32, 425 A.2d 350 (1981).

**3.** Appellant Rose Meyers was charged with one count of delivery of a controlled substance, three counts of possession with intent to deliver, and five counts of criminal conspiracy. Appellant Lawrence Meyers was charged with two counts of delivery of a controlled substance, three counts of possession with intent to deliver and five counts of criminal conspiracy.

In the interim between *Campana I* and *Campana II*, the legislature promulgated § 110 of the Crimes Code, which defined when prosecution would be barred by a former prosecution for a different offense. It is now well established that our case law is in harmony with § 110. *See Commonwealth v. Beatty, supra; Commonwealth v. Stewart,* 493 Pa. 24, 425 A.2d 346 (1981); *Commonwealth v. Tarver,* 467 Pa. 401, 357 A.2d 539 (1976).

The relevant portion of section 110 states that:

although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(i) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court, unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

The provisions set forth by § 110 serve two distinct policy considerations. The purposes of this section are to protect the private citizen from harassment and oppression through repeated efforts by authorities to obtain a conviction, and to protect society's interest in avoiding piecemeal litigation of

criminal cases which drain judicial resources. *Commonwealth v. Green*, 232 Pa.Super. 134, 141–42, 335 A.2d 493, 496–97 (1975). We cannot agree with appellants that, based on the facts of the instant case, either of these policy considerations has been compromised by the order of the lower court.

The Supreme Court has defined "same criminal episode" as "an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series." *Campana*, 452 Pa. at 248, 304 A.2d at 439 (citing ABA project on Minimum Standards Relating to Joinder of Severance § 1.3 (Approved Draft, 1968)). Our supreme court added that not only is the temporal sequence of events important, but also the logical relationship between the separate criminal acts in determining whether they constitute a single criminal episode. *Commonwealth v. Hude*, 500 Pa. 482, 458 A.2d 177 (1983).

■ By arguing a violation of § 110, appellants must establish that their offenses, delivery of a controlled substance, possession with intent to deliver, and criminal conspiracy, were based upon the same conduct or arose from the same criminal episode which resulted in their original conviction. To support their contentions, appellants must show a temporal and logical relationship between the violations stemming from the automobile chase and the subsequent drug charges.

■ It is noteworthy that the warrants requested by the Lackawanna County District Attorney on December 21, 1982, were search warrants rather than arrest warrants. While any inference from such a distinction cannot be deemed conclusive, it may serve to suggest that the arrests on that evening were not the culmination of a criminal investigation as appellants would have us believe. Rather, the search was yet another step in the investigation which,

due to independent circumstances, led to arrests on un-related charges.

Furthermore, the fact that both arrests were temporally and, to some extent, logically related is not dispositive of the questions before us. We agree with the trial court's finding that both occasions involve very different issues of law and fact due to the need for additional investigation and the dissimilar evidentiary posture.

■ Moreover, section 110 (1)(iii)(A) specifically does not require that the two offenses be tried together where conviction of one offense requires proof of a separate element not required for conviction of the other offense and provided that the evil sought to be prevented by each law is substantially different. We see no similarity in either the elements of the separate offenses or in the proof required under the various applicable statutes. Nor do we believe that the separate charges promote the type of evil contemplated by our legislature.

■ Finally, appellants' appeal must fail due to the posture of the Commonwealth's investigation at the time of the arrest on December 21, 1982. As a result of a wiretap, the Commonwealth gathered approximately 3000 hours of telephone conversation which implicated appellants in a drug distribution scheme. However, a considerable amount of time was required to review this information before the scope of the conspiracy and the drug related charges could be adequately defined.

Appellants argue there is no justification for the one year delay in the availability of this information and assert their rights under § 110 and double jeopardy provisions. We cannot accept such reasoning for to do so would force the Commonwealth to abandon each and every criminal conspiracy investigation in situations similar to the instant case.

We therefore conclude that appellants' appeal is not afforded the protection embodied in § 110 of our Crimes Code since the arrests do not stem from a single criminal episode.

The subsequent prosecution for the drug related charges is permitted under 18 Pa.C.S.A. § 110(1)(iii)(A).

Turning to appellants' double jeopardy contentions, we hold that appellants' subsequent charges are not barred by the protection provided by our state or federal constitutions.

State constitutional provisions define state law and should not automatically be considered a duplicate of an analogous federal provision. However, some state provisions have been determined to be coextensive with their federal counterparts. *Commonwealth v. Santner,* 308 Pa. Super. 67, 454 A.2d 24 (1982); *Commonwealth v. Smyser,* 205 Pa.Super. 599, 211 A.2d 59 (1965). Appellants argue that their offenses arose from a single criminal episode which should be prosecuted in a single proceeding. This is not the type of situation where a double jeopardy defense can be asserted. For double jeopardy, it is not enough that the two offenses be part of the same criminal episode; double jeopardy principles bar double prosecution only for a single offense. *Commonwealth v. Webster,* 323 Pa. Super. 164, 178–79, 470 A.2d 532, 539–40 (1983). Having determined that appellants' offenses do not arise from a single criminal episode, their appeal must fail.

In addition, our court in *Commonwealth v. Beaver,* 317 Pa.Super. 88, 463 A.2d 1097 (1983), observed that to date, our Supreme Court had not given a more restrictive or more expansive interpretation of Pennsylvania's double jeopardy clause than that given the fifth amendment by the United States Supreme Court. Therefore, due to the similar textual and policy considerations of the two provisions, appellants are not afforded additional protection under the federal constitution.

Order affirmed. Case remanded for further proceedings. Jurisdiction is relinquished.

SPAETH, President Judge, concurs in the result.