522 A.2d 652

**COMMONWEALTH of Pennsylvania**

v.

**Richard E. McAULAY.**

Superior Court of Pennsylvania.

Argued Oct. 2, 1986.

Decided March 5, 1987.

420

James N. Bryant, State College, for appellant.

Donna Rae, Assistant District Attorney, Lock Haven, for Com., appellee.

Before WICKERSHAM, ROWLEY and TAMILIA, JJ.

WICKERSHAM, Judge:

Richard E. McAulay appeals from the judgment of sentence imposed upon him by the Court of Common Pleas of Clinton County.

In the early morning hours of December 30, 1984, appellant was drinking with a friend in a Lock Haven bar known as Sal's. A few minutes before closing, a female patron of the bar named Theresa Watt approached appellant and struck up a conversation. Appellant, who did not know Ms. Watt, accepted her invitation to accompany her to a party. Realizing that he was too drunk to drive, however, he gave

her the keys to his new Ford pickup, after ascertaining that she could drive a standard shift vehicle. Unfortunately, he failed to ascertain her sobriety, or lack thereof. They got into the truck and Ms. Watts proceeded to take off on a 100 foot careening trip into a telephone pole.[1] Witnessing this

---

1. Appellant's description of the events were as follows:

Q When did you meet Miss Watt?

A Ten minutes before I left that bar that night.

Q Would you describe the—to the ladies and gentlemen of the jury, this meeting?

A It was the last call. I was standing at the end of the bar. I looked at her and she looked up and said, "Do you want to go to a party?" I said, "Sure. Why not?" I wasn't ready to go home. So, I knew everybody else was going to go get something to eat, but I thought, no, I didn't want to do that. So, we left. And I can remember very distinctly.

Q Well, now, you say the opening line was, "Do you want to go to a party?"

A She asked me to go to a party.

Q Did you know her name?

A No. Well, I figured how are you ever going to meet somebody unless you—.

Q Did she give any indication to you that she was drunk or—?

A No, she didn't. She ran across the street. I asked her, I said, "Can you drive?" She grabbed the keys out of my hands and we run [sic] from on this side of Wendy's clear to the back where the Dempsey Dumpster sits. She got in, fired up the truck.

Q And what did you do or say?

A I didn't say too much. It was an exciting ride. I saw the devil, I think.

Q Well, what happened?

A After she started the truck up, I knew it was running wide open. I could just tell it. And she popped the clutch, and we just missed a car coming out of the parking lot. I thought, Uh-oh. By the time we got out to the intersection to where the 150 is and I thought she had it under control. The next thing I know we're going across the road at a 45 degree angle, we just missed a parking meter—put the money in—we jumped the curb, we went down the sidewalk, just missed the Junior's Foodette. And the next thing I—.

Q What were you doing?

A I got threw back. I mean I got smashed back against the back of the truck.

Q Were you telling her to stop or do anything?

A I was screaming and hollering at her, but it didn't do any good. It just like happened so fast that it was all—I mean, it just—it was all over. The next thing I know we went across—I remember seeing another vehicle coming up the road on the opposite side. I thought, Oh-no, we're going to hit that thing head on. The next thing I know, we hit the pole and I was glad it was over.

\*   \*   \*   \*   \*   \*

abortive trip was a nearby Lock Haven police officer, who promptly went to the scene. Appellant suffered a head injury in the accident, but recovered; Ms. Watt was uninjured. The truck and telephone pole were totalled. A consensual blood test performed on Ms. Watt shortly thereafter at the hospital revealed a blood alcohol content of .242 percent. She also revealed to the officer at that time that her driver's license had been suspended, another fact she had neglected to mention to appellant at the bar.

On January 7, 1985, Ms. Watt was charged with driving under the influence and driving under suspension and eventually was accepted for Accelerated Rehabilitative Disposition.

On January 8, 1985, appellant was charged with the summary offense of permitting on unauthorized person to drive, 75 Pa.C.S. § 1574. He subsequently pled guilty to this offense before a district justice and paid a fine. On January 11, 1985, after appellant had pled guilty to the first offense, he was charged by the same officer with the misdemeanor offense of permitting violation of title, 75 Pa.C.S. § 1575, for letting Ms. Watt drive his truck while intoxicated. Appellant filed a motion to quash which was denied on April 24, 1985. Appellant pled not guilty, but was convicted of this offense following a jury trial on September 4, 1985. His post-verdict motions were denied[2] and on

> Q  Did your truck get totalled?
> A  Yes, it did.
> Q  Did she ever tell you that she didn't have a driver's license?
> A  No, she didn't.
> Q  Did she ever give you any indication that she was incapable of operating the vehicle?
> A  No.
> Q  Until it was too late?
> A  No. I figured whenever she said she knew where the party was and could drive, hey, you know, why should I drive. She knew where the party was. I figured everything was okay.
> N.T. at 36–38.

2. Appellant filed timely and specific post-verdict motions on September 9, 1985. In a letter dated November 8, 1985, which is included in the record, appellant requested that the trial court forgo argument and deny the motions so that the case could proceed immediately to sentencing and an appeal. The trial court's November 18, 1985 order

March 7, 1986, he was sentenced to serve forty-eight (48) hours to twelve (12) months in jail, to pay a fine of $500 and costs, and to attend and successfully complete an alcohol highway safety school and an alcohol abuse treatment program. This timely appeal followed.

Appellant raises two issues before us:

1. Did the lower court err in refusing to hold that the subsequent prosecution violated either Rule 109 or Rule 110 of the Pennsylvania Crimes Code?

2. Did the lower court err in refusing to hold that the subsequent prosecution violated the Fifth Amendment of the United States Constitution, as well as the Pennsylvania Constitution?

Brief for Appellant at 3.

Despite our observation that the consequences suffered by appellant as a result of this brief fiasco were more severe than those suffered by the actual perpetrator of the events, careful consideration of the record, the briefs of the parties, and the applicable statutes and caselaw convinces us that the lower court did not err in allowing appellant's trial on the instant (second) charge to proceed.

Initially appellant was charged with and pled guilty to violating 75 Pa.C.S. § 1574, a summary offense, which states in pertinent part:

**§ 1574. Permitting unauthorized person to drive**

**(a) General rule.**—No person shall authorize or permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized under this chapter or who is not licensed for the type or class of vehicle to be driven.

Subsequently, he was charged with violating 75 Pa.C.S. § 1575, which states:

misinterpreted this letter by appellant as a withdrawal of the post-verdict motions. The court's March 11, 1986 order, however, amended its interpretation of appellant's letter to more closely conform to appellant's request. Accordingly, this order denied the motions as requested, retroactive to November 18, 1985.

### § 1575. Permitting violation of title

**(a) General rule.**—No person shall authorize or permit a motor vehicle owned by him or under his control to be driven in violation of any of the provisions of this title.

**(b) Penalty.**—Any person violating the provisions of subsection (a) is guilty of the same offense as the driver of such vehicle and subject to the same penalties including any suspension or revocation of the operating privilege or the assessment of points.

This charge stemmed from Ms. Watt's violation of 75 Pa. C.S. § 3731(a). Since under the provisions of section 1575(b), appellant is guilty of the same offense as Ms. Watt and is subject to the same penalties, he was charged with a misdemeanor of the second degree. *See* 75 Pa.C.S. § 3731(e)(1)(i); 18 Pa.C.S. § 1104(2).

Section 109 of the Crimes Code, 18 Pa.C.S. § 109, states in pertinent part:

### § 109. When prosecution barred by former prosecution for the same offense

When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances:

\*    \*    \*    \*    \*    \*

(3) The former prosecution resulted in a conviction. There is a conviction if the prosecution resulted in a judgment of conviction which has not been reversed or vacated, a verdict of guilty which has not been set aside and which is capable of supporting a judgment, or a plea of guilty accepted by the court. In the latter two cases failure to enter judgment must be for a reason other than a motion of the defendant.

■ Despite appellant's arguments to the contrary, we find that section 109 is inapplicable to the instant case. Section 109 concerns consecutive prosecutions for a violation of the same provision of the statutes. Appellant was initially charged with violating 75 Pa.C.S. § 1574; he was subsequently charged with violating 75 Pa.C.S. § 1575. These are clearly two different provisions of the Motor

Vehicle Code. While some similarity exists between the sections, we cannot agree with appellant's contention that he could have been charged under section 1575 for allowing Ms. Watt to drive while her license was suspended. In another case involving the same two sections of the Motor Vehicle Code, our court held that it has long been the law in our state that "a person cannot be charged under general provisions of a penal code where special provisions are available." *Commonwealth v. Burkett*, 300 Pa.Super. 72, 75, 445 A.2d 1304, 1306 (1982). Such is the situation herein. Appellant could not have been charged under section 1575 for allowing Ms. Watt to drive while her license was suspended. Nor could he have been charged under section 1574 for allowing her to drive while intoxicated. Therefore, section 109 of the Crimes Code is inapplicable to the instant case.

Section 110 of the Crimes Code, 18 Pa.C.S. § 110, states in pertinent part:

**§ 110. When prosecution barred by former prosecution for different offense**

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title ... and the subsequent prosecution is for:

\* \* \* \* \* \*

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is

subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil[.]

■ While at first glance, appellant's reliance upon section 110 seems more promising, our supreme court has ruled to the contrary. In *Commonwealth v. Breitegan,* 500 Pa. 384, 456 A.2d 1340 (1983), *cert. denied,* 464 U.S. 991, 104 S.Ct. 480, 78 L.Ed.2d 678 (1983) and *Commonwealth v. Beatty,* 500 Pa. 284, 455 A.2d 1194 (1983), the supreme court held that the compulsory joinder rule [of *Commonwealth v. Campana* ] and section 110 do not apply to prior summary convictions for traffic violations under the Motor Vehicle Code. In both cases, the defendants had pled guilty to summary traffic offenses prior to being prosecuted for more serious crimes (aggravated assault in *Beatty* and driving under the influence, homicide by vehicle, and involuntary manslaughter in *Breitegan* ) stemming from the same incidents. Since the situation in the instant case is identical, we hold that section 110 does not apply to this case. *See also In Interest of R.R.,* 317 Pa.Super. 334, 464 A.2d 348 (1983); *Commonwealth v. Quackenbush,* 314 Pa.Super. 324, 460 A.2d 1162 (1983). *Cf. Commonwealth v. Meyers,* 345 Pa.Super. 520, 498 A.2d 945 (1985); *Commonwealth v. Bonczak,* 342 Pa.Super. 167, 492 A.2d 445 (1985); *Commonwealth v. Kresge,* 317 Pa.Super. 405, 464 A.2d 384 (1983).[3]

■ Our finding that sections 109 and 110 of the Crimes Code do not apply to appellant's situation does not automatically resolve appellant's second issue. *See Commonwealth v. Allen,* 506 Pa. 500, 486 A.2d 363 (1984), *cert. denied,* —— U.S. ——, 106 S.Ct. 128, 88 L.Ed.2d 105 (1985); *Commonwealth v. Johnson,* 319 Pa.Super. 463, 466 A.2d

**3.** It should be noted that even if section 110 did apply to the instant case, appellant's argument would still fail because as the lower court points out in its opinion, the offenses were neither within the jurisdiction of a single court as required by section 110(1)(ii), nor did they fit under section 110(1)(iii)(A) because they required proof of certain facts not required by the other.

636 (1983). However, we find no error by the trial court when it held that the subsequent prosecution did not violate appellant's double jeopardy rights under either the United States or Pennsylvania Constitution.[4] While we have held that the double jeopardy clause applies to summary traffic violations, *see Commonwealth v. Johnson, supra,* we find that in accordance with traditional constitutional analysis, there was no double jeopardy violation in prosecuting appellant for permitting Ms. Watts to drive while intoxicated.

Under *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the focus is on the proof necessary to prove the statutory elements of each offense. There is no violation of double jeopardy if each statute requires proof of an additional fact that the other does not. *Commonwealth v. Williams,* 344 Pa.Super. 108, 496 A.2d 31 (1985); *Commonwealth v. Hoburn,* 335 Pa.Super. 536, 485 A.2d 24 (1984). Here, the summary offense under section 1574 required proof that appellant authorized or permitted Ms. Watt to operate his truck upon a highway when she was not licensed to do so. The misdemeanor offense under section 1575 required proof that appellant authorized or permitted Ms. Watt to operate his truck while she was under the influence of alcohol to a degree which rendered her incapable of safe driving or when her blood

**4.** In discussing the similar textual and policy considerations of the fifth amendment of the United States Constitution and article 1, section 10 of the Pennsylvania Constitution, our court has stated:
> State constitutional provisions define state law and should not automatically be considered a duplicate of an analogous federal provision. However, some state provisions have been determined to be coextensive with their federal counterparts. *Commonwealth v. Santner,* 308 Pa.Super. 67, 454 A.2d 24 (1982); *Commonwealth v. Smyser,* 205 Pa.Super. 599, 211 A.2d 59 (1965)....

> In addition, our court in *Commonwealth v. Beaver,* 317 Pa.Super. 88, 463 A.2d 1097 (1983), observed that to date, our Supreme Court had not given a more restrictive or more expansive interpretation of Pennsylvania's double jeopardy clause than that given the fifth amendment by the United States Supreme Court.

*Commonwealth v. Meyers,* 345 Pa.Super. 520, 528, 498 A.2d 945, 949–50 (1985). *See also Commonwealth v. Marconi,* 340 Pa.Super. 463, 490 A.2d 871 (1985) (state courts have not given state citizens broader double jeopardy protection than that provided by United States Supreme Court interpreting federal constitution).

alcohol content was .10% or greater. Each offense required proof of some fact or facts that the other did not. Thus the instant prosecution was not barred by double jeopardy. The offenses in this case are separate both because they serve distinct purposes and because they require different elements of proof even though they arose out of the same incident or course of conduct. *Commonwealth v. Allen, supra.* "For double jeopardy, it is not enough that the two offenses be part of the same criminal episode; double jeopardy principles bar double prosecution only for a single offense." *Commonwealth v. Meyers, supra,* 345 Pa.Super. at 528, 498 A.2d at 949.

Since the Commonwealth's prosecution of appellant for permitting violation of title was not barred by either sections 109 or 110 of the Crimes Code or by the double jeopardy provisions of the federal or state constitutions, we must affirm the judgment of sentence.

Judgment of sentence affirmed.