[J-105-2018][M.O. - Baer, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 7 EAP 2018 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court entered on 8/30/17 at No. 2479 |
| | : | EDA 2015 reversing the order entered |
| | : | on 7/13/15 in the Court of Common |
| v. | : | Pleas, Philadelphia County, Criminal |
| | : | Division at No. CP-51-CR-0013338- |
| | : | 2014 |
| MARC PERFETTO, | : | |
| | : | |
| Appellant | : | ARGUED:  December 6, 2018 |

## DISSENTING OPINION

**CHIEF JUSTICE SAYLOR**                    **DECIDED:  April 26, 2019**

I respectfully dissent, as I agree with the approach set forth in Judge Moulton's concurrence.  *See Commonwealth v. Perfetto*, 169 A.3d 1114, 1125-27 (Pa. Super. 2017) (Moulton, J., concurring).

According to the majority, the 2002 amendments to Section 110 of the Crimes Code "eliminate[ed] the jurisdictional analysis from the statute and, thus, from contemporary compulsory joinder analysis."  Majority Opinion, *slip op.* at 20.  However, the majority has not discounted the Commonwealth's argument that a jurisdictional assessment is essential to the proper application of the express exception to Section 110 set forth in Section 112(1).  *See* 18 Pa.C.S. §112(1) (negating Section 110's requirement of compulsory joinder where "[t]he former prosecution was before a court

which lacked jurisdiction over the defendant or the offense"). Indeed, the majority rests its disposition, as it concerns the Section 112(1) exception, upon an explicit examination of jurisdiction. *See* Majority Opinion, *slip op.* at 18 ("[T]he reality is that Appellant's former prosecution for his summary offense was before a court (namely, the Philadelphia Municipal Court) that had jurisdiction to adjudicate all of Appellant's charges, albeit in the court's General Division.").

In this regard, the majority equates the statutory term "court" with the institution or tribunal involved, rather than the particular judge. The Crimes Code, however, defines "court" as: "Includes (when exercising criminal or quasi-criminal jurisdiction pursuant to 42 Pa.C.S. §1515 (relating to jurisdiction and venue)) *a magisterial district judge.*" 18 Pa.C.S. §103 (emphasis added). Although the word "court" is frequently ambiguous, *accord Village of Shorewood v. Steinberg*, 496 N.W.2d 57, 61 (Wis. 1993) ("[A] reasonably well-informed person could just as reasonably conclude that the legislature intended the word 'court' to mean 'circuit court' as conclude it intended 'court' to mean 'judge.'"), here, the General Assembly has centered the focus on the jurist rather than the tribunal.[1]

As Judge Moulton explained in his concurring opinion, the hearing officer of the Traffic Division of the Philadelphia Municipal Court that adjudicated Appellant's summary traffic offense plainly lacked jurisdiction to adjudicate the misdemeanor DUI charges. *See Perfetto*, 169 A.3d at 1126 (Moulton, J., concurring) (citing Section 1121(c)(3) of the Judicial Code, which limits a Traffic Division judge's jurisdiction, by way of cross-reference to Section 1123(a)(9), to prosecutions for summary offenses

---

[1] I do not discount that there may be some inconsistent usage of the term "court" throughout the Crimes Code, but in my view, relative to Section 110's protections, it is most sensible to focus on the jurisdiction of the particular jurist (or the judge and jury) presiding over the adjudication of the offenses involved.

related to the Vehicle Code). Accordingly, to the degree that the term "the offense" in Section 112(1) encompasses the misdemeanor DUI charge, the exception straightforwardly applies. *Accord id.*

I recognize that the term "the offense" is ambiguous in this context. *Accord* Brief for Appellee at 9 ("Section 112 permits successive prosecutions when the first court did not have jurisdiction over 'the' offense, but it does not spell out what 'the' offense is: the charge in the first prosecution, or the charge in the second prosecution?"). From my point of view, the Legislature most likely intended the term to provide reasonable protection against successive prosecutions, consistent with the constitutional double jeopardy jurisprudence, while also recognizing that there is a legitimate "division of labor in our court system." *Commonwealth v. Beatty*, 500 Pa. 284, 290 n.3, 455 A.2d 1194, 1198 n.3 (1978).[2] Thus, I would credit the Commonwealth's position that "the offense" encompasses the charged offense that would otherwise be barred under Section 110. *Accord Perfetto*, 169 A.3d at 1126-27 (Moulton, J.).[3]

Particularly with respect to the Traffic Division of the Philadelphia Municipal Court -- which did not come into existence until forty years after the initial promulgation of Sections 110 and 112 -- it does not seem to me that the Legislature would have contemplated compulsory joinder thwarting the statutorily-prescribed division of labor and operating well outside the ambit of constitutional double jeopardy protections. *See United States v. Dixon*, 509 U.S. 688, 696, 711-12, 113 S. Ct. 2849, 2856, 2864 (1993)

---

[2] Although, as the majority emphasizes, *Beatty* focused on the now-excised jurisdictional language in Section 110, I see no reason to view the jurisdictional terminology in Section 112 in any different light.

[3] I also agree with the additional policy analysis discussed by Judge Moulton. *See Perfetto*, 169 A.3d at 1127 ("[T]he process of prosecuting summary offenses separately from more serious offenses is not likely to constitute the sort of 'harassment' that compulsory joinder is designed to prevent.").

(holding that the Double Jeopardy Clause of the United States Constitution does not bar successive prosecutions, although the charges in the serial proceedings may be based on the same conduct, when they entail different elements); *accord Commonwealth v. Jones*, 542 Pa. 464, 505 n.24, 668 A.2d 491, 511 n.24 (1995). *See generally Commonwealth v. Bracalielly*, 540 Pa. 460, 469, 658 A.2d 755, 759 (1995) (explaining that Section 110 "statutorily extends Federal and Pennsylvania constitutional protections against double jeopardy and embodies the same basic purposes as those underlying the double jeopardy clauses").

Finally, I respectfully differ with the majority's position, as stated in its footnote 6, that the Commonwealth has failed to develop its argument that the misdemeanor DUI charges will have to be adjudicated in the common pleas court, in light of the Commonwealth's stated intention to assert its own right to a jury trial. Indeed, the fact that the case already had been transferred to the common pleas court is in tension with the majority's assertion that the Municipal Court had jurisdiction to "adjudicate all of Appellant's charges," Majority Opinion, *slip op.* at 18. *See* Pa.R.Crim.P. 1001(D) ("When a case is held for court, the case shall remain in the Common Pleas Court through the final disposition.").

Justice Dougherty joins this dissenting opinion.