## Commonwealth v. Thomas

*Albert H. Masland, assistant district attorney,*
for the Commonwealth.
*Frederick Huganir,* for defendant.

HESS, *J.*, September 9, 1986—Defendant in this case has filed an omnibus pre-trial motion seeking to suppress evidence and to quash the information against him. At hearings held hereon, defendant withdrew the motion to suppress, and the only issue before the court is whether the charges against him should be dismissed by virtue of § 110 of the Crimes Code, the Act of December 6, 1972, P.L. 1482, 18 P.S.C.A. 110, as well as the case of Commonwealth v. Campana, 455 Pa. 622, 314 A.2d 854 (1974) and its progeny. For the purpose of the motion to quash, the facts are essentially undisputed.

During the early morning hours of March 8, 1986, defendant was taken to the West Shore Records Center, in Lower Allen Township, Cumberland County, following his arrest in Lemoyne for driving under the influence. The purpose of his removal to the Records Center was the requirement that defendant submit to an intoxilyzer test. Following defendant's refusal of the intoxilyzer, the final "paperwork" was being completed by the arresting officer. In the meantime, defendant became loud and boisterous and began to use foul language. He

was repeatedly warned to desist by the several police officers who were present. Eventually he was arrested for disorderly conduct, a charge which was subsequently filed by Lower Allen Township police officer Mark E. Williams and graded as a misdemeanor of the third degree.

On March 13, 1986, separate preliminary hearings were held, first as to the driving under the influence charge and, secondly, as to the count of disorderly conduct. The district justice determined that there was a prima facie case as to the charge of driving under the influence. At the preliminary hearing for the subsequent disorderly conduct charge, the district justice, after argument of defense counsel that the offense rose no higher than a summary offense, found defendant guilty of summary disorderly conduct and sentenced him to pay a fine of $100. Later, a portion of this fine was remitted and defendant was permitted to pay a fine of $50.

## DISCUSSION

We note, at the outset, that this case does not give rise to classic double jeopardy considerations. It is now well recognized that the constitutional double jeopardy clause prevents subsequent trials "by the same sovereign for the *same act* whether the initial trial resulted in an acquittal or conviction." Commonwealth v. Hoburn, 335 Pa. Super. 536, 485 A.2d 24 (1984) citing North Carolina v. Pearce, 395 U.S. 711, 89 Supreme Ct. 2072, 23 L.Ed.2d 656 (1969). Section 110 of the Pa. Crimes Code, on the other hand, requires that, when certain other requirements are met, all of the charged offenses "based on the same conduct or arising from the same criminal episode" be tried at the same time or be barred. Section 110, unlike the double jeopardy clause, is not

limited to prosecutions for the same act. Commonwealth v. Hoburn, supra.

In the instant case, there is no assertion that driving under the influence and disorderly conduct constitute the same act. On the other hand, the argument advanced is that the prosecution for disorderly conduct was for an offense arising from "the same criminal episode" as the driving under the influence allegation and that the former prosecution resulted in a conviction. As defined by our Crimes Code:

"There is a conviction if the prosecution resulted in a judgment of conviction which has not been reversed or vacated, a verdict of guilty which has not been set aside and which is capable of supporting a judgment, or a plea of guilty accepted by the court. Crimes Code, 18 P.S.C.A. 109(3)."

Even though a former prosecution may have resulted in a conviction, it, nonetheless, will not bar a subsequent prosecution for a different offense unless, in the words of Crimes Code §110, 18 P.S.C.A. 110(1)(ii), the subsequent prosecution is for:

"(i) Any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and *was within the jurisdiction of a single court* . . . (Emphasis supplied)

The purpose of §110 of the Crimes Code and the compulsory joinder principles, as enunciated by our appellate courts, has been summarized to be twofold. First, these doctrines seek to prevent governmental harassment resulting from multiple trials of the accused for the same course of conduct. Secondly, the interests of judicial economy are served by requiring charges arising from a single event to be disposed of in the course of one proceeding.

The Commonwealth, in this case, argues that the compulsory joinder rule and related statutory provisions have no application in this case because the offense of disorderly conduct did not arise out of the same episode as the driving under the influence. While not persuaded by this argument, we decline to reach this issue, resolving the case on different grounds. For, assuming, *arguendo,* that the offenses involved arose out of the same criminal episode, we, nonetheless, do not believe that the defendant's conviction of the summary offense of disorderly conduct bars his subsequent prosecution for driving under the influence.

The Pennsylvania Supreme Court has interpreted section 110 of the Crimes Code to exclude from its purview the disposition of summary traffic violations under the Motor Vehicle Code. In Commonwealth v. Beatty, 500 Pa. 284, 455 A.2d 1194 (1983), Justice Nix, writing for the majority, observed that summary traffic violations were within the original jurisdiction of the district justice and not the court of common pleas. In addition, he observed that the disposition of summary offenses in traffic matters, prior to the trial of misdemeanors or felonies, did not raise the specter of governmental harassment nor did it offend principles of judicial economy. Justice McDermott, in his concurring opinion, while recognizing that the question was not squarely before the court, urged the majority to adopt the rule as he believed it should be; namely, that "*all* summary offenses, not merely traffic violations, may be tried separately from felonies or misdemeanors arising from the same criminal episode without violating the compulsory joinder rule."

The situation, addressed by Justice McDermott, is now before this court. In short, the instant matter involves the effect of a prior conviction for a non-

traffic summary offense upon a later attempt to prosecute for a related misdemeanor. We add, parenthetically, that the charges were filed at approximately the same time and went to preliminary hearing on the same day. This is not a situation where the Commonwealth, having once failed to successfully prosecute, now brings a new charge arising out of the same criminal episode. Clearly, this latter situation would offend considerations of judicial economy and result in the type of harassment of the defendant eschewed by our courts.

In this case, however, one of two charges, on its way into the court of common pleas, was disposed of by a summary conviction before a district justice. While (as the defendant properly observed) the Beatty case involves summary guilty pleas rather than a finding of guilt, we fail to discern any legal or practical distinction between the two for the purpose of the compulsory joinder rule. In fact, § 109 of the Crimes Code defines a "conviction" as including *either* a finding of guilt or a guilty plea accepted by the court.

In resolving this case, we find the holding in Commonwealth v. Kresge, 317 Pa. Super. 405, 464 A.2d 384 (1983) to be instructive. There, in the course of a summary game law investigation, the police seized a firearm, the defendant having no license to carry it. Some days after the seizure by game protectors, defendant acknowledged his guilt of the game law violation and paid a fine. More than a month later, Pennsylvania State Police filed a complaint against Kresge for possession of a firearm without a license. Kresge argued that disposition of the summary game law violation barred his prosecution with respect to the firearms offense. In Kresge, the Superior Court, adopting the rationale of Beatty, supra, concluded that the disposition of a

summary game law violation, prior to the trial of a misdemeanor or felony arising out of the same episode, did not violate the provisions of compulsory joinder. This was, inter alia, because the summary offense was within the original jurisdiction of a district justice and the firearms charge was within the original jurisdiction of the court of common pleas. Accordingly, the offenses were not "within the jurisdiction of a single court," as required by section 110 of the Crimes Code.

By logical extension of the foregoing appellate precedent, we conclude that the instant prosecution for driving under the influence is not barred. Rather than forward a case to court, the district justice chose to punish, summarily, a matter within his original jurisdiction. As all of the prosecutions were pending against defendant at the same time, we discern no harassment of the defendant by a reduction in grade of one of the charges. Moreover, we can see no threat to judicial economy by permitting district justices to dispose of offenses traditionally entrusted to their jurisdiction. Accordingly, we enter the following

## ORDER

And now, this September 9, 1986, the motion of defendant to quash the information is denied.