## Commonwealth v. Hill

*Annette M. Hutchinson, assistant district attorney,* for the Commonwealth.
*David H. Acker,* for defendant.

150

PRATT, *J.*, April 17, 1991—Defendant, Theresa Hill, has presented the court with a pretrial motion for writ of habeas corpus, motion to dismiss due to double jeopardy and motion for dismissal pursuant to Title 18, section 110. As we will decide this case by disposing of the motion for dismissal pursuant to Title 18, section 110, disposition of the remaining motions will not be necessary.

On December 21, 1991, Theresa Hill was acquitted of one count of endangering the welfare of children (18 Pa.C.S. §4304), filed at no. 231A of 1990, and one count of simple assault (18 Pa.C.S. §2701), filed at no. 231 of 1990. According to the complaint filed by the Commonwealth, these acts were to have taken place "between and including January 16, 1989 through September 8, 1989." Before us again are charges against Theresa Hill for endangering the welfare of children (filed at no. 946A of 1990) and simple assault (filed at no. 946 of 1990). In this complaint, the Commonwealth alleges the infractions occurred on September 8, 1989, the last day included in the span of time covered by the previous complaint.

The victim in both cases was the same 7-year-old white female. The informations for nos. 231 and 231A of 1990 were filed on April 4, 1990; the informations for nos. 946 and 946A of 1990 were filed on October 26, 1990. In the information filed at no. 231A of 1990 it was alleged that:

"Theresa Hill . . . in Lawrence County did: Being a parent, guardian or other person supvising [sic] the welfare of the child by violating a duty of care, protection or support, to-with [sic]: Striking her, pushing her, using pliers on her fingers, holding her head under water, tieing her naked to a pole."

The accompanying information filed at no. 231 of 1990 alleged "she [Theresa Hill] did strike, grab [,] used pliers and other means to injure a juvenile."

In the latter informations it was alleged that Theresa Hill:

"[B]eing a parent guardian or other person supervising the welfare of a child under 18 years of age, did knowingly endanger the welfare of the child by violating a duty of care, protection or support, to-wit: she did twist the arm of a juvenile until it broke. . . ." and that she "twisted the right arm of a juvenile causing a fracture." Informations filed at nos. 946A and 946 of 1990 Cr., respectively. Both sets of informations were filed more than 13 months before the earlier set of accusations went to trial.

To those versed in the law, a question of double jeopardy immediately suggests itself. For those schooled in Pennsylvania law, problems of compulsory joinder also arise. These issues have been raised in a timely fashion by defendant. See defendant's motion for dismissal pursuant to Title 18, section 110 filed March 25, 1991. The double jeopardy problems presented seemingly can be overcome by the Commonwealth, but the difficulties in which the Commonwealth has mired itself regarding compulsory joinder (under 18 Pa.C.S. §110) consume their pursuit of Theresa Hill as the Red Sea consumed Pharaoh's pursuit of Moses.

As to double jeopardy, the protection afforded citizens by the Fifth Amendment of the United States Constitution consists "of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North*

*Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664-5 (1969). The minimum protection afforded to individuals by the Fifth Amendment has been extended to prosecutions by the states through the 14th Amendment. *Id.*

Germane to us now is the possibility of the first protection, protection "against a second prosecution for the same offense after acquittal." *Id.* "Even if two offenses are sufficiently different to permit the imposition of consecutive sentences, successive prosecutions will be barred in some circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first." *Brown v. Ohio,* 432 U.S. 166, 166-7, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). The reassertion of alleged facts already established at a previous trial is barred by collateral estoppel as collateral estoppel is encompassed within the protections from double jeopardy. *Id.* This prevents the prosecution from treating the first trial as a "dry run" in refining their tactics for a second assault. *Ashe v. Swenson,* 397 U.S. 436, 447, 90 S.Ct. 1189, 25 L.Ed.2d 469, 477 (1970).

The Commonwealth argues these holdings are inapposite for they entail relitigation of factual issues concerning specific elements of a crime. Their argument continues to the effect that specific facts needed to be relitigated in the instant case are those of background; evidence as to the elements, they contend, distinctly relates to separate actions and hence, separate offenses. The overlap of the dates of the offenses, the fact that only one victim was involved in both cases and that the alleged crimes charged are identical in both cases are matters they consider to be collateral and immaterial. Of course the foster parent status of defendant is vital in both cases as to the custodial element in charges of

endangering the welfare of children. The Commonwealth seems to imply that as the custodial relationship was not seriously contested at trial, the verdict of acquittal should not be read as a denial of this assertion.

Otherwise, the Commonwealth's arguments continues, the distinct acts alleged make these cited offenses beyond the proscription of double jeopardy protection. Commonwealth's memorandum of law pursuant to motion for dismissal, at 1-3. Feeling the argument borders on the hypertechnical, we nonetheless recognize that for double jeopardy protection to attach, "it is not enough that the two offenses be part of the same criminal episode; double jeopardy principles bar prosecution for a single offense." *Commonwealth v. Meyers,* 345 Pa. Super. 520, 528, 498 A.2d 945, 949 (1985). See also, *Commonwealth v. Webster,* 323 Pa. Super. 164, 470 A.2d 532 (1983). If this was strictly a matter of double jeopardy, we would hold for the Commonwealth and let the prosecution proceed. However, our law in Pennsylvania has evolved to entail protections more intricate than bare double jeopardy.

The famous and similar *Campana* case can appear to have been originally decided by our Pennsylvania Supreme Court on the basis of double jeopardy. *Commonwealth v. Campana,* 452 Pa. 233, 304 A.2d 432 (1970). The case was appealed to the United States Supreme Court. That eminent court seems to have also understood the case as turning upon double jeopardy because they remanded *Campana* back to the Pennsylvania Supreme Court to "consider whether its judgments are based on federal or state constitutional ground, or both." *Pennsylvania v. Campana,* 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973).

154

Meanwhile, section 110 of the Crimes Code came into effect. Section 110 provides:

"Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

"(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

"(i) any offense of which the defendant could have been convicted on the first prosecution;

"(ii) any offense based on the same conduct arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or

"(iii) the same conduct, unless:

"(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

"(B) the second offense was not consummated when the former trial began.

"(2) The former prosecution was terminated, after the indictment was found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal, final order or judgment necessarily required a determination inconsistent with a fact

which must be established for conviction of the second offense.

"(3) The former prosecution was improperly terminated, as improper termination is defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for, an offense of which the defendant could have been convicted had the former prosecution not been improperly terminated." 18 Pa.C.S. §110.

With *Campana* before it for a second time, the Pennsylvania Supreme Court more clearly founded its holding on a policy favoring the joinder of prosecutions against the same defendant for crimes growing out of the same transaction. *Commonwealth v. Campana*, 455 Pa. 622, 314 A.2d 854 (1974). Their ruling was, as they said, "entirely in harmony with section 110 of our Crimes Code." In effect, the court (for the purposes of the case before it) and the legislature (for cases arising thereafter) had adopted the compulsory joinder rule advocated by Justice Nix in his concurring opinion penned the first time the case was before the court. *Commonwealth v. Campana*, 452 Pa. 233, 260 (1973). (*J.* Nix's concurring opinion not published in A.2d).

The portions of section 110 germane to us now are those provisions which bar a subsequent prosecution after an acquittal for "any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting office at the time of the commencement of the first trial." 18 Pa.C.S. §110(1)(ii). There is no question that the actions which have resulted in the instant case were known to the District Attorney's Office at the time of the commencement of the first trial. The question before us is "Was the conduct alleged by the Commonwealth herein 'the

same conduct' or does it arise 'from the same criminal episode'?'' *Id.* This appears to be a simple inquiry at the onset, but soon thereafter we find our first impressions to be illusory.

Fortunately we are not without guidance. Nine years after the second *Campana* case, Justice Nix had call in *Commonwealth v. Hude* to delineate the meaning of ''single criminal episode.'' *Hude,* 500 Pa. 482, 458 A.2d 177 (1983). The ramifications of *Hude* and its progeny have not been addressed by the Commonwealth in this case. By an order of court dated March 15, 1991, these questions were to be argued when the case was called for trial. The case was called for trial on March 26, 1991. With such significant legal issues pending, the arguments were entertained by the court, but the trial was postponed pending the court's decision on the arguments. Defendant's arguments largely focused upon the *Hude* case cited above. The Commonwealth admitted they were unprepared to address these matters but would furnish the court with a printed response within several days. On April 9, 1991, the Commonwealth filed a responding memorandum (received by the court the next day). Unfortunately the ramifications of *Hude* (and its progeny) went unaddressed in the Commonwealth's memorandum of law.

The Commonwealth's memorandum cites and paraphrases a *Hude* case, but not the *Hude* case argued before the court. The case advanced by defendant and cited by us above was *Commonwealth v. Hude,* 500 Pa. 482, 458 A.2d 177 (1983); the Commonwealth reasons upon an earlier case, *Commonwealth v. Hude,* 492 Pa. 600, 424 A.2d 313 (1980). Commonwealth's memorandum of law, at 1-2. The case cited by the Commonwealth was decided on the basis of collateral estoppel, and, as

we have already stated, we agree collateral estoppel is no bar to the prosecution herein. What is a bar to the prosecution of Theresa Hill are the compulsory joinder mandates of 18 Pa.C.S. §110 as interpreted by the second *Hude* case and subsequent cases following its precedent.

The definitional rule laid down in the latter *Hude* case was "[W]here a number of charges are logically and/or temporally related and share common issues of law and fact, a single criminal episode exists, and separate trials would involve substantial duplication and waste of scarce judicial resources. In such cases, failure to consolidate will bar successive prosecutions." *Commonwealth v. Hude,* 500 Pa. 482, 492, 458 A.2d 177, 182 (1983). Under this rule we must hold for defendant and dismiss the charges. There can be no question the charges are temporally related. The *Hude* case involved separate possible drug transactions much like this case involves allegations of various assaults. "The prosecution was not only aware of all the alleged drug transactions, but had charged Hude with 20 separate counts . . . prior to the acquittal of three of the drug charges prosecuted at the first trial." *Id.* at 492, 458 A.2d at 182.

Furthermore the charges are related logically as well as temporally. Again as in the second *Hude,* "[t]his is not a situation where further investigation was required before additional charges could be brought" against the defendant. *Id.* at 492, A.2d at 182. Both trials would have many witnesses in common including the same victim. Other items which would in all likelihood be very similar (if not identical) are: the nature of the defendant's custodial charge of the victim, the nature of the relationship growing out of that custodial charge, the elements of the crime to be proven and charged to the

jury, defendant's motives, defendant's explanations and the victim's explanations for not reporting the crimes initially.

"Moreover, interpretation of the term 'same criminal episode' must be consistent with the purposes sought to be achieved by section 110." *Id.* at 492, 458 A.2d at 182. "The purposes of this section are to protect the private citizen from harassment and oppression through repeated efforts by authorities to obtain a conviction, and to protect society's interest in avoiding piecemeal litigation of criminal cases which drain judicial resources." *Commonwealth v. Meyers,* 345 Pa. Super. 520, 525-6, 498 A.2d 945, 948 (1985).

In a trial just completed, Theresa Hill has been acquitted of the identical crimes supposedly perpetrated against the same victim while the victim was under the same custodial charge, and these crimes were represented to have been committed during a period of time encompassing the declared dates of the offenses now charged. While these present accusations could have been included as separate counts in the first trial, "[t]o permit the district attorney to proceed in the instant case would be offensive not only to section 110's prohibition against successive trials, but would also involve the court in piecemeal litigation, expend precious judicial resources and promote what we view as overzealous prosecution." *Commonwealth v. Banks,* 50 D.&C. 3d 585, 590 (1988).

The District Attorney's Office claims they are not being overzealous. To this we must reply that if they have not been overly zealous, then they have been remiss. Whether it is due to overzealousness or neglect, the net result is the same, persecution in the name of prosecution. This we cannot countenance.

Justice cannot be pursued by proceedings unfair in either their concept or their number. Ultimately fair play cannot be promoted without limitations upon the machinations of the judicial system. Title 18 Pa.C.S. §110 is such a limitation. Perhaps justice might have been furthered had this proceeding been properly brought, but to allow it to be brought improperly would be an injustice in itself perpetrated by the supposed watchdog of justice, the court itself. The integrity and the credibility of the court could only be diminished. The conscience of the court will not permit it, and a court without a conscience serves convenience and not rectitude. We cannot shrink from the obligations of our duties be they ever so unpleasant, unpopular or troublesome. Wherefore we must dismiss the charges and discharge defendant.

## ORDER

Consistent with the reasoning set forth in the accompanying opinion, defendant's motion for dismissal pursuant to Title 18, section 110 is granted, and the offenses of simple assault filed to no. 946 of 1990 and endangering welfare of children filed to no. 946A of 1990 are dismissed and the defendant discharged. Consequently, defendant's motion for writ of habeas corpus and motion to dismiss due to double jeopardy are declared moot.