J-S75007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DANNY V. NGUYEN | |
| | No. 2458 EDA 2015 |

Appeal from the Order August 6, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0048127-2012

BEFORE:  BOWES, MOULTON AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                   **FILED NOVEMBER 21, 2019**

The Commonwealth appeals from the order dismissing the count of driving under the influence ("DUI") filed against Danny Nguyen ("Appellee"). In a previously filed judgment order, we reversed the trial court's dismissal of Appellee's DUI charge pursuant to **Commonwealth v. Perfetto**, 169 A.3d 1114 (Pa.Super. 2017) (*en banc*) ("**Perfetto I**"), which addressed the exact issue presented herein.  Our Supreme Court vacated and remanded this case for reconsideration under their subsequent holding in **Commonwealth v. Perfetto**, 207 A.3d 812 (Pa. 2019) ("**Perfetto II**").  In light of this new precedent, we affirm.

The trial court provided a concise summary of the factual and procedural history attendant to this case in its Rule 1925(a) opinion:

[O]n November 26, 2012, [Appellee] was arrested in Philadelphia after officers observed him swerve out of his lane of traffic. He was arrested and subsequently charged with the misdemeanor offense of [DUI] pursuant to 75 Pa.C.S. §[ ]3802, and two summary traffic offenses [of careless driving and failure to drive in a single lane]. In 2012, the Philadelphia Traffic Court found [Appellee] guilty of the two [summary traffic offenses], which he appealed to the Court of Common Pleas, but [which] was later dismissed because he failed to appear. The DUI charge was not adjudicated at that time. On January 7, 2015, [Appellee] moved to dismiss the DUI charge in Municipal Court before the Honorable Thomas F. Gehret, arguing that the Commonwealth was barred from prosecuting him under the compulsory joinder provisions of 18 Pa.C.S. § 110(ii) because he was previously prosecuted for the two summary traffic offenses. On that date, Judge Gehret granted [Appellee's] motion and dismissed the DUI prosecution. Commonwealth then appealed to the Court of Common Pleas. On August 6, 2015, the Honorable Michael E. Erdos denied the Commonwealth's appeal pursuant to [§] 110.

Trial Court Opinion, 2/8/16, at 1-2.

The Commonwealth appealed to this Court. In a judgment order dated September 15, 2017, we reversed the trial court's order pursuant to *Perfetto I*, *supra* at 1125 ("[I]n those judicial districts which have a separate traffic court, the summary traffic offenses may reach disposition in a single, prior proceeding without violation of the compulsory joinder rules."). *See Commonwealth v. Nguyen*, 178 A.3d 158 (Pa.Super. 2017) (unpublished judgment order at ). Appellee filed a petition for allowance of appeal, which was placed on hold while *Perfetto I* was on appeal before the Supreme Court. On April 26, 2019, our Supreme Court overruled *Perfetto I*. Thereafter, the Supreme Court granted Appellee's allowance of appeal, vacated our prior judgment order, and remanded for reconsideration in light of the holding in

*Perfetto II*, *supra* at 822 ("[T]he plain language of Subsection 110(1)(ii) of the compulsory joinder statute . . . makes clear that the Commonwealth is precluded from prosecuting [a]ppellant for his DUI charge."). On September 11, 2019, this Court ordered the parties to file new briefs addressing the Supreme Court's holding in *Perfetto II*, and the parties timely complied.

The Commonwealth has preserved a single issue for our disposition in this appeal: "Did the lower court err when it dismissed the charge of [DUI] pursuant to 18 Pa.C.S. § 110 based on the prior adjudication of summary traffic offenses?" Commonwealth's brief at 1. However, given the holding in *Perfetto II*, the Commonwealth now forthrightly concedes that the trial court's order dismissing Appellee's DUI charge must be affirmed. *See id.* at 5 ("Because [Appellee's] former prosecution for two summary traffic offenses occurred in the Traffic Division of the Municipal Court, and the 'General Division [of that court] has jurisdiction to adjudicate any matter that is properly before the Municipal Court,' the successive prosecution here . . . is barred." (quoting *Perfetto II*, *supra* at 823)). Appellee has wisely concurred in the Commonwealth's analysis. Therefore, our review of this case will touch upon these matter but briefly.

Our review of a motion to dismiss on the basis of compulsory joinder principles pursuant to § 110 presents a question of law in circumstances like this, where the underlying facts of the case are not disputed. Thus, our

standard of review is plenary, and our scope of review is *de novo*. **See**
**Perfetto II**, **supra** at 821.

The resolution of this case depends upon our interpretation of
§ 110(1)(ii), which the trial court held precludes the Commonwealth from
prosecuting Appellee for the above-referenced DUI charge. **See** Trial Court
Opinion, 2/8/16, at 2-3. The statute provides, in pertinent part, as follows:

> Although a prosecution is for a violation of a different provision of
> the statutes than a former prosecution or is based on different
> facts, it is barred by such former prosecution under the following
> circumstances:
>
> > (1) The former prosecution resulted in an acquittal or in a
> > conviction as defined in section 109 of this title (relating to
> > when prosecution barred by former prosecution for the
> > same offense) and the subsequent prosecution is for:
>
> . . . .
>
> > > (ii) any offense based on the same conduct or arising
> > > from the same criminal episode, if such offense was
> > > known to the appropriate prosecuting officer at the
> > > time of the commencement of the first trial and
> > > occurred within the same judicial district as the former
> > > prosecution unless the court ordered a separate trial
> > > of the charge of such offense[.]

18 Pa.C.S. § 110 (emphasis added).

Our Supreme Court has distilled these statutory provisions into a four-
part test that must be satisfied if prosecution is to be appropriately barred,
including: (1) the former prosecution must have resulted in an acquittal or
conviction; (2) the current prosecution is based upon the same criminal
conduct or arose from the same criminal episode as the former prosecution;

- 4 -

(3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and (4) the current offense occurred within the same judicial district as the former prosecution. *See Commonwealth v. Fithian*, 961 A.2d 66, 72 (Pa. 2008).

The trial court's application of this test to the instant case is apt:

These four prongs are easily met here. First, the former prosecution of the traffic offenses resulted in a conviction—more specifically, a finding of guilt for failure to drive within a single lane and careless driving. Second, the DUI prosecution was based upon the same criminal conduct or same criminal episode, namely, [Appellee's] swerving in and out of his lane. Third, the prosecutor was aware or should have been aware of the instant charges; indeed, the citations for the summary traffic offenses were issued at the same time as [Appellee] was arrested for DUI, and the traffic offense citations reference his arrest for DUI investigation. Finally, all of the offenses occurred within the same judicial district, the First Judicial District of Philadelphia.

Trial Court Opinion, 2/8/16, at 3. Indeed, this factual analysis is identical to that carried out by our Supreme Court in *Perfetto II*, *supra* at 822.

While the Commonwealth originally invoked a line of cases beginning with our Supreme Court's holding in *Commonwealth v. Beatty*, 455 A.2d 1194, 1198 (Pa. 1983) (holding that traffic violations under the Motor Vehicle Code are excluded from the remit of the compulsory joinder rule pursuant to § 110(2)(ii)), it currently recognizes that the Supreme Court's holding in *Perfetto II* has effectively extinguished these exceptions to compulsory joinder. *See Perfetto II*, *supra* at 823-24 ("We also find unpersuasive the Commonwealth's alternative argument regarding *Beatty*, *supra*, and its progeny. . . . [T]he policy considerations discussed in *Beatty* and invoked by

- 5 -

the Commonwealth . . . simply do not apply to the current version[1] of the compulsory joinder statute.").

We fully concur with the parties' collective conclusion that *Beatty* and its progeny are no longer applicable to § 110. Moreover, the exception for summary traffic offenses from *Perfetto I* that we relied upon in issuing our original judgment order in this case has been superseded by the holding in *Perfetto II*. The Commonwealth has not preserved any other appellate arguments challenging the dismissal of Appellee's DUI charge. *See* Commonwealth's brief at 7. Furthermore, no other operative exceptions to the compulsory joinder statute apply to this case.[2] Thus, we affirm.

Order affirmed. Jurisdiction relinquished.

_____

[1] A 2002 amendment to § 110 inserted the phrase "within the same judicial district" in place of the phrase "within the jurisdiction of a single court" at 18 Pa.C.S. § 110(1)(ii).

[2] The holding in *Perfetto II* also concluded that 18 Pa.C.S. § 112(1) (compulsory joinder not preclusive where "[t]he former prosecution was before a court which lacked jurisdiction over the defendant or the offense") was inapplicable in circumstances like those presented in this case. *See Perfetto II*, *supra* at 822-23 ("The former prosecution in this case occurred in the Traffic Division. . . . [T]he Traffic Division is not a 'court' unto itself; rather, it is a division of the Philadelphia Municipal Court. . . . [T]he reality is that Appellant's former prosecution for his summary offense was before a court (namely, the Philadelphia Municipal Court) that had jurisdiction to adjudicate all of Appellant's charges. . . ."). Appellee's prosecution for traffic offenses took place in the Traffic Division of the Philadelphia Municipal Court, which had the necessary jurisdiction to adjudicate **all** of the charges against Appellee. Consequently, § 112(1) is inapplicable to this case. *Id*.

- 6 -

Judge Moulton did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/19